UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| George and Linda Rayner, ) | |
| ) | Case No.   06-10164 |
| Debtors ) | |
| ) | |

**TURNOVER ORDER**

**Background**

Before the court is the Chapter 7 Trustee's "Motion to Compel Turnover and Obtain Possession of Property of the Estate." The property in question is money received by the Debtor, George F. Rayner ("Rayner"), in the amount of $8,063.38 in the form of a check dated July 26, 2007, pursuant to a settlement agreement between the Debtor and the Town of Baileyville dated July 17, 2007. The parties have submitted an agreed statement of facts and a stipulation of legal issues.  Hearing has been waived.

There is no mention of any dispute between Rayner and the Town in the bankruptcy schedules; but it is agreed that he had been an employee of the Town and that he had been accused of employee misconduct before the commencement of the Chapter 11 case on May 26, 2006.  He was placed on administrative leave on August 7, 2006, and his employment was terminated on November 9, 2006.  On the motion of the United States Trustee, the bankruptcy case was converted to Chapter 7 on April 6, 2007.  Rayner filed an employment grievance against the Town sometime after his employment was terminated.

The settlement agreement resolved the Town's accusations of misconduct against Rayner and his grievance against the Town.  Under the agreement, Rayner was allowed to resign,

effective November 8, 2006, and receive "severance pay" in the amount of the aforesaid check. He negotiated the check on November 21, 2007.

**Stipulated Issues**

1.  <u>Are the funds represented by the check property of the estate as pre-petition property?</u>

    Yes. Even though Rayner's grievance against the Town was initiated after the conversion to Chapter 7, the facts and circumstances giving rise to his grievance, namely, his having been placed on administrative suspension and his termination for alleged misconduct, occurred before the conversion to Chapter 7. Moreover, the alleged misconduct leading to his suspension and termination is said to have occurred before the commencement of the Chapter 11 case. Rayner's grievance claim against the Town was a chose in action that arose either: (a) upon the Town's pre-bankruptcy allegations of misconduct or (b) upon Rayner's suspension and termination during the chapter 11 case. If his claim arose upon the Town's pre-bankruptcy accusations, it was an interest in property belonging to Rayner upon the commencement of the case and as such it became property of the estate under 11 U.S.C. § 541(a)(1). If Rayner's claim arose upon his suspension and termination during the Chapter 11, it was property acquired by the estate under §§ 541(a)(7) and 1115(a)(1). Either way, Rayner's claim against the Town became property of the estate.

2.  <u>Are the funds represented by the check property of the estate under 11 U.S.C. § 1115 as post-petition, pre-conversion earnings?</u>

    No. There is nothing in the stipulated facts suggesting that the check represents "earnings from services *performed* by the debtor after the commencement of the case but before the case is . . . converted to a case under chapter 7 . . . ." <u>See</u> 11 U.S.C. § 1115 (a)(2) (emphasis

provided). Presumably, Rayner was paid for the services he performed before his suspension and termination. It is also reasonable to assume that he performed no services after his suspension and termination. The funds represented by the check may be characterized as "earnings" in the larger sense of that word; but, in this instance, they do not appear to be "earnings from services performed" within the meaning of the statute.

3. <u>Are the funds represented by the check property of the estate under 11 U.S.C. § 348(d) as a claim against the Debtors treated as a pre-petition claim?</u>

No. The funds represented by the check did not come into existence until after the conversion to Chapter 7. Section 348(d) relates to claims against the estate or the debtor arising after the order for relief but before conversion under § 1112. <u>See</u> 11 U.S.C. § 348 (d). "Claim" in the context of § 348(d) would be a claim as defined under 11 U.S.C. § 101 (5) and would not include the Trustee's claim for turnover.

For the above reasons, the Trustee's motion is **GRANTED**. Judgment shall enter.

DATED: February 19, 2008

_Louis H Kornreich_
Louis H. Kornreich, Chief Judge
United States Bankruptcy Court

3